# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2324
_____

United States of America

*Plaintiff - Appellee*

v.

Phillip J. Cutler

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 19, 2025
Filed: December 22, 2025
[Unpublished]

_____

Before COLLOTON, Chief Judge, ERICKSON and STRAS, Circuit Judges.

_____

PER CURIAM.

A jury found Phillip J. Cutler guilty of murder for hire and conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958. Cutler moved *in limine* and during trial for leave to question police about the statements of a deceased

witness.  The district court[1] ruled that the statements were inadmissible hearsay.  Cutler appeals.  We affirm.

Cornelius Green and Cutler were childhood friends.  At trial, the evidence established that Green had discovered one of his paramours, Jocelyn Peters, was pregnant.  Green reached out to Cutler and hired him to kill Peters.  Cutler took a bus to St. Louis arriving on March 21, 2016.  Green met Cutler at the bus station and drove to an area adjacent to Peters's apartment, staying only three minutes.  The next morning Cutler drove Green to the Amtrak station where Green boarded a train to Chicago.  Cutler kept Green's car and continued to drive it while Green was away.

Around 3:00 a.m. on March 24, 2016, Cutler, using Green's key, entered Peters's apartment.  He shot Peters in the head while she was asleep.  No one reported an incident that morning.  Joyce Johnson, Peters's neighbor, left for work around 7:15 a.m. and noticed Peters's open door.  Johnson heard what she initially believed was a male voice, but ultimately concluded it was either Peters or "her boyfriend" and continued heading to work.  After the crime was discovered, Johnson was interviewed and reported her observations.  She gave a second, more detailed statement to an investigator for the public defender.  Johnson was unavailable to testify at trial, as she passed away prior to the start of the trial.

Cutler unsuccessfully moved *in limine* to question investigating officers about Johnson's statements.  During trial, he once again sought to introduce the evidence, but the court again found it inadmissible.  When Cutler sought to make an offer of proof outside the jury's presence by questioning former Detective Mark Biondolino, the court denied his request and limited Cutler to an offer of proof by description of what he believed the evidence would show.  The jury convicted Cutler after a short deliberation.

---

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri, now retired.

Cutler seeks a new trial, asserting the district court abused its discretion when it excluded Johnson's statements. He claims the statements are either non-hearsay as they were not offered for the truth of the matter asserted or they should have been received under the residual hearsay exception. He also argues the court committed reversible error when it limited his ability to make an offer of proof.

We review a trial court's evidentiary rulings applying a deferential standard, and we reverse "only for a clear and prejudicial abuse of discretion." United States v. Jackson, 142 F.4th 1095, 1099 (8th Cir. 2025). We will reverse "when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict." United States v. Johnson, 860 F.3d 1133, 1139 (8th Cir. 2017). If a constitutional error is asserted, reversal is warranted unless the error was harmless beyond a reasonable doubt. Jackson v. Norris, 573 F.3d 856, 858 (8th Cir. 2009).

Cutler appears to claim the alleged evidentiary error deprived him of his Sixth Amendment right "to put on a defense." We need not decide whether the alleged error implicates a constitutional right because overwhelming evidence supports the jury's verdict and any error is harmless beyond a reasonable doubt. See United States v. Eagle, 498 F.3d 885, 889 (8th Cir. 2007). During the seven-day trial, the prosecution presented exhaustive evidence tying Cutler to Peters's murder. More than 20 witnesses and over 100 exhibits were received. Phone records show Green texted Cutler and asked him to travel to St. Louis. Cutler agreed but asked Green to send him "the package." Cutler admitted that Green mailed him a package containing $2,500. On the night of the murder, video surveillance showed Green's car near Peters's apartment for extended periods of time. Cutler admitted that he was driving Green's car during that time and no one else had access to the vehicle. There were no signs of forced entry into Peters's apartment, and Cutler had access to Peters's apartment key. Cutler provided contradictory and inconsistent statements to the investigating officers, which reduced his credibility.

Cutler's claim that Johnson's statements were necessary so he could challenge the thoroughness of the investigation is unavailing. The excluded evidence consisted of Johnson's belief that she heard a voice, that she was uncertain whether it was a male or female voice, and that she ultimately concluded it was either Peters's voice or her boyfriend's voice. Given the overwhelming evidence against Cutler, further evidence about the police investigation would not have influenced the verdict. See Eagle, 498 F.3d at 889 (determining alleged error was harmless beyond a reasonable doubt because evidence of the defendant's guilt was "strong and the probative weight of the excluded evidence was relatively weak"). Any error in excluding Johnson's statements was harmless beyond a reasonable doubt.

We affirm the judgment of the district court.

_____